## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, )<br><br>Petitioner, )<br><br>v. )<br><br>DYLETHA POOL, AS ADMINISTRATOR OF THE ESTATE OF MARY STEWART; PAUL MANIGO, RANELL MANIGO; KENNETH MANIGO; AND VERONICA MANIGO, )<br><br>Respondents. ) | CASE NO.: |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Petitioner Allstate Vehicle and Property Insurance Company ("Petitioner Allstate"), Petitioner in the above-styled case, by and through its undersigned counsel of record, and brings this action against Respondent Dyletha Pool, as Administrator of the Estate of Mary Stewart ("Respondent Pool"), Respondent Paul Manigo ("Respondent Paul"), Respondent Ranell Manigo ("Respondent Ranell"), Respondent Kenneth Manigo ("Respondent Kenneth"), and Respondent Veronica Manigo ("Respondent Veronica"), and alleges as follows:

**PARTIES**

1.

Petitioner Allstate is a foreign corporation with its principal place of business in Northbrook, Illinois.  It is incorporated under the laws of the State of Illinois and is a citizen of Illinois.

2.

Respondent Pool is a resident and citizen of the State of Georgia and may be served with process at her last known address at 1301 Cornwall Road, Decatur, Georgia 30032 in DeKalb County, Georgia.

3.

Respondent Paul is a resident and citizen of the State of Georgia and may be served with process at his last known address at 3843 Turner Heights Drive, Decatur, Georgia 30032 in DeKalb County, Georgia.

4.

Respondent Ranell is a resident and citizen of the State of Georgia and may be served with process at her last known address at 3843 Turner Heights Drive, Decatur, Georgia 30032 in DeKalb County, Georgia.

5.

Respondent Kenneth is a resident and citizen of the State of Georgia and may

be served with process at his last known address at 370 The Gables Drive, McDonough, Georgia 30253 in Henry County, Georgia.

6.

Respondent Veronica is a resident and citizen of the State of Georgia and may be served with process at her last known address at 370 The Gables Drive, McDonough, Georgia 30253 in Henry County, Georgia.

**JURISDICTION**

7.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Petitioner Allstate is a citizen of a different state than all Respondents.

8.

The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 because the relief sought by Respondent Pool for injuries and damages arising from the incident that is the subject matter of this action exceeds $75,000.00.

9.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that Petitioner Allstate is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a policy of homeowners insurance issued by Petitioner Allstate, Policy Number 815 110 781 (the "Policy"). (A certified copy of

the Policy is attached hereto as Exhibit A).  The Policy provides $300,000 in family liability protection and $1,000 in guest medical protection.

10.

Petitioner Allstate anticipates that Respondents will contest Petitioner Allstate's position in regard to the parties' rights and obligations under said Policy and, therefore, a true and actual controversy exists between the parties.  Thus, the Court is vested, pursuant to 28 U.S.C. § 2201, with the power to declare the rights and obligations of the parties hereto, and to provide such other relief as may be necessary.

**VENUE**

11.

Furthermore, venue is laid in this District pursuant to 28 U.S.C. § 1391 (b)(1) by virtue of the fact that all Respondents reside in Georgia, and at least one Respondent resides in the Northern District of Georgia, Atlanta Division.

**FACTS**

12.

On March 24, 2021, Mary Stewart, who was 82 years old at the time, was walking her dog when a pit bull apparently jumped the fence from 3843 Turner Heights Drive, Decatur, Georgia 30032 and started chasing her.

4

13.

Ms. Stewart started running from the pit bull when she tripped and fell, breaking her hip.

14.

The purported owner of the dog then came out, apparently told Ms. Stewart that the pit bull was not going to bite her, and then called the paramedics.

15.

At the time of the incident, Respondent Paul and Respondent Ranell were living at 3843 Turner Heights Drive, Decatur, Georgia 30032.

16.

Respondent Kenneth and Respondent Veronica were not living at 3843 Turner Heights Drive, Decatur, Georgia 30032 at the time of the incident, and they have not lived there since 2018.

17.

Respondent Kenneth and Respondent Veronica were not the owners of the pit bull allegedly involved in the incident, and they were not responsible for caring for the pit bull.

I. **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT PAUL OR RESPONDENT RANELL UNDER FAMILY LIABILITY PROTECTION – COVERAGE X OR GUEST MEDICAL PROTECTION – COVERAGE Y IN THE POLICY BECAUSE THEY DO NOT MEET THE DEFINITION OF AN INSURED PERSON.**

18.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 17 of this Petition as if set forth verbatim herein.

19.

The Policy includes the following definition of an **insured person**:

5. **Insured person(s)** – means **you** and, if a resident of **your** household:
   a) any relative; and
   b) any person under the age of 21 in **your** care.
   Under **Family Liability Protection – Coverage X and Guest Medical Protection – Coverage Y, "insured person"** also means:
   a) Any person or organization legally responsible for loss caused by animals or watercraft covered by this policy which are owned by an **insured person**. **We** do not cover any person or organization using or having custody of animals or watercraft in any **business**, or without permission of the owner.
   b) With respect to the use of any vehicle covered by this policy, any person while engaged in the employment of an **insured person**.

(Exhibit A, p. 24).

20.

The Policy defines **you** as "the person listed under Named Insured(s) on the Policy Declarations as the insured person and that person's resident spouse."

6

(Exhibit A, p. 25).

21.

Respondent Kenneth and Respondent Veronica are listed on the declarations page as the named insureds.  (Exhibit A, p. 5).

22.

Because Respondent Paul and Respondent Ranell do not meet the definition of an **insured person**, Petitioner Allstate has no duty under Family Liability Protection – Coverage X or Guest Medical Protection – Coverage Y in the Policy to provide coverage, indemnification, or a defense to Respondent Paul or Respondent Ranell for the claims asserted against them.

## II.    PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT PAUL, RESPONDENT RANELL, RESPONDENT KENNETH, OR RESPONDENT VERONICA UNDER FAMILY LIABILITY PROTECTION – COVERAGE X IN THE POLICY BECAUSE THE INSURED PREMISES EXCLUSION APPLIES.

23.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 22 of this Petition as if set forth verbatim herein.

24.

The Family Liability Protection – Coverage X in the Policy contains the following insuring agreement:

7

**Losses We Cover Under Coverage X:**
Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

(Exhibit A, p. 43).

25.

The Family Liability Protection – Coverage X in the Policy contains the following insured premises exclusion:

13. **We** do not cover **bodily injury** arising out of any premises, other than an **insured premises**, owned, rented or controlled by an **insured person**. **We** will not apply this exclusion to **bodily injury** to a **residence employee**.

(Exhibit A, p. 44).

26.

The Policy defines an **insured premises** as:

a) The **residence premises**; and
b) Under **Section II** only:
   1) The part of any other premises, other structures and grounds used by **you** as a residence. This includes premises, structures and grounds **you** acquire for **your** use as a private residence while this policy is in effect;
   2) Any part of a premises not owned by an **insured person** but where an **insured person** is temporarily living;
   3) Cemetery plots or burial vaults owned by an **insured person**;
   4) Land owned by or rented to an **insured person** where a single-family **dwelling** is being built as that person's residence;

8

5) Any premises used by an **insured person** in connection with the **residence premises**; and

6) Any part of a premises occasionally rented to an **insured person** for other than **business** purposes.

(Exhibit A, p. 24).

27.

The Policy defines **residence premises** as "the dwelling, other structures and land located at the address on the Policy Declarations." (Exhibit A, p. 25).

28.

The declarations page lists 370 The Gables Drive, McDonough, Georgia 30253-7457. (Exhibit A, p. 5).

29.

3843 Turner Heights Drive, Decatur, Georgia 30032, where the incident occurred, does not meet the definition of an **insured premises**.

30.

Because the insured premises exclusion applies, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Paul, Respondent Ranell, Respondent Kenneth, or Respondent Veronica under Family Liability Protection – Coverage X in the Policy for the claims asserted against them.

### III. PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE TO RESPONDENT POOL UNDER GUEST MEDICAL PROTECTION – COVERAGE Y IN THE POLICY BECAUSE THE INSURED PREMISES EXCLUSION APPLIES.

31.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 30 of this Petition as if set forth verbatim herein.

32.

The Guest Medical Protection – Coverage Y in the Policy contains the following insuring agreement:

> **We** will pay the reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, ambulance, hospital, licensed nursing and funeral services, and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.
>
> Each person who sustains **bodily injury** is entitled to this protection when that person is:
> 1. On the **insured premises** with the permission of an **insured person**; or
> 2. Off the **insured premises**, if the **bodily injury**:
>    a. Arises out of a condition on the **insured premises** or immediately adjoining ways;
>    b. Is caused by the activities of an **insured person** or a **residence employee**;
>    c. Is caused by an animal owned or in the care of an **insured person**; or
>    d. Is sustained by a **residence employee**.

(Exhibit A, p. 45).

33.

The Guest Medical Protection – Coverage Y in the Policy contains the

following insured premises exclusion:

12. **We** do not cover **bodily injury** arising out of any premises, other than
an **insured premises**, owned, rented or controlled by an **insured
person**.  We will not apply this exclusion to **bodily injury** to a
**residence employee**.

(Exhibit A, p. 46).

34.

The Policy defines an **insured premises** as:

a)  The **residence premises**; and
b)  Under **Section II** only:
   1)  The part of any other premises, other structures and grounds used by
       **you** as a residence. This includes premises, structures and grounds
       **you** acquire for **your** use as a private residence while this policy is
       in effect;
   2)  Any part of a premises not owned by an **insured person** but where
       an **insured person** is temporarily living;
   3)  Cemetery plots or burial vaults owned by an **insured person**;
   4)  Land owned by or rented to an **insured person** where a single-
       family **dwelling** is being built as that person's residence;
   5)  Any premises used by an **insured person** in connection with the
       **residence premises**; and
   6)  Any part of a premises occasionally rented to an **insured person** for
       other than **business** purposes.

(Exhibit A, p. 24).

11

35.

The Policy defines **residence premises** as "the dwelling, other structures and land located at the address on the Policy Declarations." (Exhibit A, p. 25).

36.

The declarations page lists 370 The Gables Drive, McDonough, Georgia 30253-7457. (Exhibit A, p. 5).

37.

3843 Turner Heights Drive, Decatur, Georgia 30032, where the incident occurred, does not meet the definition of an **insured premises**.

38.

Because the insured premises exclusion applies, Petitioner Allstate has no duty to provide coverage to Respondent Pool under Guest Medical Protection – Coverage Y in the Policy for her claims.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Allstate prays:

1.  That process be issued as required by law and that Respondents be served with a copy of the Summons and Petition for Declaratory Judgment;

2. That the Court issue a declaration that Petitioner Allstate is not obligated to provide coverage, indemnity, or a defense to Respondent Paul,

Respondent Ranell, Respondent Kenneth, or Respondent Veronica under the Family Liability Protection - Coverage X of the Policy for the claims arising out of the March 24, 2021 incident described herein;

3. That the Court issue a declaration that Petitioner Allstate is not obligated to provide coverage to Respondent Pool under the Guest Medical Protection – Coverage Y of the Policy for the claims arising out of the March 24, 2021 incident described herein;

4. For a trial by jury on all issues; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 16th day of August, 2023.

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
rdixon@csvl.law
jemory@csvl.law

By:    */s/ Jena G. Emory*
RYAN D. DIXON
State Bar No.: 859300
JENA G. EMORY
State Bar No.: 178454

*Attorneys for Petitioner Allstate Vehicle and Property Insurance Company*